IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HENRY ROTHROCK, #248131, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:14-CV-366-MEF |
| | ) [WO] |
| | ) |
| KIM THOMAS, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Henry Rothrock ["Rothrock"], a state inmate who is now and has for the past several years been incarcerated at the Limestone Correctional Facility, on May 8, 2014.[1] In this complaint, Rothrock challenges actions which occurred at Limestone in 2006. Specifically, Rothrock alleges that correctional officials "broke my confidentiality concerning my illness" in violation of the Health Insurance Portability and Accountability Act ["HIPAA"], the Americans with Disabilities Act ["ADA"], and his constitutional rights. Rothrock

---

[1] Although the Clerk of this court stamped the complaint "received" May 19, 2014, it is clear that Rothrock presented the complaint to prison officials for mailing prior to this date. A review of the pleadings indicates Rothrock executed the complaint on May 8, 2014. *Doc. No. 1* at 4. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Rothrock] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Thus, the court considers May 8, 2014 as the date of filing.

names Kim Thomas, the Commissioner of the Alabama Department of Corrections, and the Alabama Department of Corrections as defendants in this case.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) as the claims presented by the plaintiff are filed outside the applicable two-year period of limitation.[2]

## II. DISCUSSION

Rothrock challenges the constitutionality of actions taken against him in 2006 upon the alleged initial release of information regarding an illness from which he suffers. It is clear from the face of the complaint that the claims presented by Rothrock are barred by the statute of limitations relevant to a 42 U.S.C. § 1983 action filed in this court.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The actions made the basis of the instant complaint occurred in 2006. By it express

---

[2] The court entered an order granting Rothrock leave to proceed *in forma pauperis* in this cause of action. *Order of May 20, 2014 - Doc. No. 3*. This court must therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to Rothrock from application of the time bar.[3]  Thus, the statute of limitations began to run on the claims presented herein in 2006.  The limitation period ran uninterrupted until it expired sometime in 2008.  As previously noted, Rothrock filed the instant complaint on May 8, 2014.  This filing therefore occurred over five years after expiration of the period of limitation.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed."  *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous.  *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332."  *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the

---

[3] This section allows tolling of the limitation period for an individual who "is, at the time the right accrues ... insane...."  *Ala. Code* § 6-2-8(a).  The complaint demonstrates Rothrock was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Rothrock has no legal basis on which to proceed as he filed this cause of action more than seven years after the actions which form the basis of the complaint occurred. As previously determined, the statutory tolling provision is unavailing. Consequently, the two-year period of limitation expired in 2008, well over five years prior to Rothrock filing the instant complaint. In light of the foregoing, the court concludes that Rothrock's claims arising from a purported release of medical information in 2006 are barred by the applicable statute of limitations and these claims are therefore subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327

(1989).[4]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the complaint within the time prescribed by the applicable period of limitation.[5]

It is further

ORDERED that **on or before June 12, 2014**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

---

[4] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

[5] The plaintiff is advised that if he seeks to challenge actions taken against him by correctional officials at Limestone during the past two years he may do so by filing a separate civil action against these officials in the United States District Court for the Northern District of Alabama.

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of May, 2014.

                          /s/Charles S. Coody
                          CHARLES S. COODY
                          UNITED STATES MAGISTRATE JUDGE